Argued and submitted November 5, reversed December 9, 2020

B. M.,
*Petitioner-Respondent,*

*v.*

Brooke Ann DEATON,
*Respondent-Appellant.*

Douglas County Circuit Court
19SK02158; A172903

479 P3d 347

For making false allegations and complaints to petitioner's employer and the police about petitioner, and for parking in front of petitioner's house late at night, a trial court entered a stalking protective order (SPO) against respondent. Respondent appeals that SPO, contesting the sufficiency of the evidence to support it. *Held*: The trial court erred. Although respondent's contacts with petitioner were harassing, nothing in the record allowed for the inference that respondent would engage in conduct that would put petitioner or her family at risk of physical injury, as required to support an SPO under ORS 30.866(1).

Reversed.

Ann Marie Simmons, Judge.

Charles F. Lee argued the cause for appellant. Also on the briefs was Charles F. Lee P.C.

Dan G. McKinney and DC Law filed the brief for respondent.

Before Lagesen, Presiding Judge, and James, Judge, and Haselton, Senior Judge.

LAGESEN, P. J.

Reversed.

**LAGESEN, P. J.**

Respondent appeals a stalking protective order (SPO) entered against her under ORS 30.866, contesting the sufficiency of the evidence to support the order. Because this is not a case that calls for *de novo* review, we review the trial court's factual findings for any evidence and its legal conclusions for errors of law. *Travis v. Strubel*, 238 Or App 254, 256, 242 P3d 690 (2010). Applying that standard of review, we conclude that the evidence is insufficient to support the entry of the SPO against respondent. Accordingly, we reverse.

To obtain an SPO, petitioner was required to prove that, among other elements, (1) respondent subjected her or members of her household to "repeated and unwanted contact" and (2) "[t]he repeated and unwanted contact cause[d] the victim reasonable apprehension regarding the personal safety of the victim or a member of the victim's immediate family or household." ORS 30.866(1). Specifically, petitioner was required to prove facts demonstrating that "the contacts, cumulatively, * * * [gave] rise to subjective apprehension regarding the petitioner's personal safety or the personal safety of the petitioner's immediate family or household, and that apprehension must be objectively reasonable." *Blastic v. Holm*, 248 Or App 414, 418, 273 P3d 304 (2012). To satisfy that standard, the contacts at issue must be such that it was objectively reasonable to fear that respondent would "engage in violence or other conduct that puts the petitioner or her family at risk." *Huber v. Landolt*, 267 Or App 753, 760-61, 341 P3d 175 (2014). That is, the contacts must be ones that, in the context in which they were made, could "reasonably cause apprehension or fear resulting from the perception of a threat of physical injury." *Elliott v. Strope*, 307 Or App 156, 161, 476 P3d 972 (2020).

That standard was not met here. As we understand the court's order, it determined that it was objectively reasonable for petitioner to fear for her personal safety or the safety of her family based on a finding that (1) respondent contacted petitioner's employer multiple times alleging (falsely) that petitioner "had been doing things" to her with her work uniform on; (2) respondent falsely reported to

police that petitioner had hit her with her car while respondent was jogging; and (3) respondent parked in front of petitioner's house in the early hours of the morning.[1]

Each of those contacts was, no doubt, harassing and unsettling. Respondent's complaints to petitioner's employer and to law enforcement triggered investigations that were unquestionably stressful for petitioner. It is no small thing to be under investigation by law enforcement or by one's employer. Respondent's behavior may well have been tortious, such that petitioner may have had tort claims available against respondent, something the trial court explicitly recognized. But an injury that might give rise to a tort claim against respondent does not necessarily supply a basis for the entry of an SPO against respondent. An SPO, as noted, requires evidence that allows an inference that the unwanted contacts made it objectively reasonable to fear that respondent would engage in violence or conduct that would put petitioner (or her family) at risk of physical injury. Nothing in this record allows for that inference. There is no evidence that respondent threatened physical harm to petitioner, no evidence that respondent took any other steps that would put the personal safety of petitioner or her family at risk, and no other evidence that would allow for a finding that any fear of physical injury resulting from respondent's contacts was an objectively reasonable one.

Reversed.

---

[1] Although the bulk of the contacts at issue involved third parties, it appears that they qualify as contacts for purposes of ORS 30.866. *See* ORS 163.730(3) (defining "contact" for purposes of ORS 30.866). Ultimately, that issue is one we need not address.